UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 06-22755-CIV-MOORE/GARBER

GLOBALCAPS, INC., a Florida corporation d/b/a
Intercaps,

    Plaintiff,

v.

PDK LABS, INC., a New York corporation,

    Defendant.
_____/

**CLOSED CIVIL CASE**

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR IMPROPER VENUE

THIS CAUSE came before the Court upon Defendant PDK Labs, Inc.'s Motion To Dismiss Plaintiff's Complaint for Improper Venue (DE # 3).

UPON CONSIDERATION of the Motion, and being otherwise fully advised in the premises, the Court enters the following Order.

### I. Background

The instant action was commenced by Globalcaps, Inc. ("Plaintiff" or "Globalcaps") in state court, claiming breach of contract. Compl. (DE # 1 at 6-10). The action was subsequently removed to this Court by Defendant, PDK Labs, Inc. ("Defendant" or "PDK"). Plaintiff is in the business of manufacturing pill capsules. Pl. Resp. at 3. Defendant is in the business of "manufacturing and distributing a broad range of non-prescription pharmaceuticals." Def. Mot. at 2. Plaintiff manufactured custom capsules for the Defendant pursuant to discussions between the companies and two purchase agreements from the Defendant, dated February 16, 2006 and July 11,

2006, respectively. Pl. Resp. at 3, Def. Mot. Ex. B. Plaintiff claims that it has delivered at least some of the capsules, but Defendant has not paid for any of them. Pl. Resp. at 5.

Defendant filed this Motion to Dismiss, claiming that the contractual terms on the back of the purchase agreements contains a binding forum selection clause requiring that "any claim arising out of or relating to the Purchase Agreement must be brought in the courts of the State of New York." Def. Mot. at 3. Plaintiff argues that the forum selection clause is invalid because forum selection was never discussed during the negotiations, and because, for at least the Defendant's first order, Plaintiff only received the first page of the purchase order, and not the second page with the forum selection clause.

## II. Standard of Review

The Eleventh Circuit has established that motions to dismiss premised upon choice of forum and/or choice of law clauses are properly brought, pursuant to 12(b)(3) of the Federal Rules of Civil Procedure, as motions to dismiss for improper venue. Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285, 1290 (11th Cir.1998). Therefore, this Court will consider Defendant's forum selection clause arguments under a 12(b)(3) improper venue analysis. In considering a motion to dismiss for improper venue, the court may consider matters outside the pleadings such as affidavit testimony, "particularly when the motion is predicated upon key issues of fact." Wai v. Rainbow Holdings, 315 F.Supp.2d 1261, 1268 (S.D.Fla.2004) (quoting Webster v. Royal Caribbean Cruises, Ltd., 124 F.Supp.2d 1317, 1320 (S.D.Fla.2000)). On a motion to dismiss based on improper venue, the plaintiff has the burden of showing that venue in the forum is proper. Wai, 315 F.Supp.2d at 1268. The court must accept all allegations of the complaint as true, unless contradicted by the Defendant's affidavits, and when an allegation is so challenged the court may

examine facts outside of the complaint to determine whether venue is proper. Id. Finally, the court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff. Id.

### III. Discussion

Defendant's Motion to Dismiss is based on a forum selection clause which Defendant claims was part of the contract entered into by the parties. The forum selection clause states:

> [t]his agreement shall be governed by and construed in accordance with the internal laws of the State of New York, without regard to principles of conflicts of law, and the parties irrevocably agree to submit any controversy or claim arising out of or relating to this Agreement to a court of competent jurisdiction located in the State of New York, County of Suffolk. The parties agree that any proceedings arising out of, relating to, or brought for the purpose of enforcing that Agreement, or remedying any breach thereof shall be instituted in the courts of the State of new York, County of Suffolk, and in no other jurisdiction.

Def. Mot. Ex. B. Plaintiff argues that the clause is not binding, as the clause appeared on the back of the Defendant's purchase order form, and only the front page of each purchase order was faxed to Plaintiff. Pl. Resp. at 5. Plaintiff claims, therefore, that the forum selection clause was not part of the agreed-upon contract. Id. at 9. Plaintiff also claims that it was not sufficiently warned about the clause, nor was the clause "explicitly bargained for between the parties as part of the mutual consideration to be exchanged." Id. at 14.

Defendant claims it faxed both sides of each purchase order to the Plaintiff and followed each fax by mailing the "Vendor's Copy" of the purchase order. Def. Reply at 3. In his affidavit, the Plaintiff's Director of Sales and Marketing admitted to receiving the "Vendor's Copy" of the second, July 11, 2006, purchase order "after [he] had already faxed [his] acknowledgment of this second purchase order," but he "didn't even notice the reverse side 'Terms and Conditions' printed on the back." Hofelt Aff. (DE # 18) at 12-13. Additionally, it is undisputed that the front page of

3

each purchase order includes a statement that "the terms on the back hereof are a part of this order. No oral commitments or changes are authorized. No written changes are authorized unless accepted and confirmed by us in writing." Hofelt Aff. Ex. J. (DE # 37-2). Resolving all factual conflicts in favor of the non-moving Plaintiff, this Court will analyze the issue assuming the Plaintiff did not receive the second page of either purchase order form before agreeing to the contract.

A)      **The Forum Selection Clause is Part of the Contract.**

Parties to a commercial contract "have a duty to read the contract carefully and are presumed to understand it," especially when the parties are "sophisticated businesspeople" dealing at arm's length. Cara's Notions, Inc. v. Hallmark Cards, Inc., 140 F.3d 566, 571 (4th Cir. 1998). "One who signs or accepts a written contract, in the absence of fraud or other wrongful act on the part of another contracting party, is conclusively presumed to know its contents and to assent to them." 27 RICHARD A. LORD, WILLISTON ON CONTRACTS § 70:113 (4th ed.). In Gaskin v. Stumm Handel GmbH, the plaintiff was held to a forum selection clause in the contract, even though the contract was written in German, and plaintiff claimed ignorance of the German language. 390 F.Supp. 361 (S.D.N.Y. 1975). In a case with a fact pattern similar to this case, the defendant argued "it should not be bound by the terms and conditions of the sales contract since it never received them until almost the end of the business relationship [as the terms] were listed on the reverse side of the sales contract but, according to [the defendant], were never included in the faxes that [plaintiff] sent . . . which contained only the front side of the sales contract." Hangzhou Silk Import and Export Corp., 2002 WL 2031591 at *6. That court held the defendant's ignorance was no defense, noting "[e]specially with regard to sophisticated business people, capable of resort to

counsel for advice, . . . the law presumes that parties to a contract will only sign it if they fully understand its terms and conditions." Id.

Accordingly, Plaintiff's ignorance of the terms and conditions of the contract is no defense. Text on the front page of the purchase order indicates the presence of additional terms, putting the Plaintiff on notice of their existence. While the text is not the largest on the page, neither is it the finest print, and it is clearly legible. Def. Mot. Ex. B. Plaintiff's failure to apprise itself of those terms by requesting the second page of the fax is no different than failure to read the terms of the contract, and equally unavailing as a source of protection. See SR Intern. Business Ins. Co., Ltd. v. World Trade Center Properties, LLC, 222 F.Supp.2d 385, 397 (S.D.N.Y. 2002) citing Hangzhou Silk Import and Export Corp. v. P.C.B. Int'l Indus., Inc., 2002 WL 2031591 at *6 (S.D.N.Y. Sept. 5, 2002). Nothing in the Plaintiff's pleadings suggests that Plaintiff lacked the opportunity to request, or even demand, to see the a copy of the back of the purchase order with the terms referred to on the first page before entering into the contract, and even when Plaintiff received the Vendor's Copy of the second purchase order, Plaintiff failed to review it.

Plaintiff relies chiefly on Sun Trust Bank v. Sun International Hotels, Ltd., in which a forum selection clause was held to be unenforceable because the hotel failed to provide reasonable notice of the clause to its guests. 184 F.Supp.2d 1246, 1261-62 (S.D.Fl. 2001). In Sun Trust Bank, Ms. Humphreys, the hotel guest, was presented with the forum selection clause only after she arrived in the Bahamas with her children. Id. at 1261-62. The court found that by springing the term on guests when they check in, the hotel failed to give "potential customers fair warning that they are giving up their right to sue in the forum of their choice." Id. That court concluded that, given the timing and context, "no reasonable person in Ms. Humphreys' position would think

they had [the] option [to refuse to sign the clause]." Id. The court was persuaded to hold the clause "fundamentally unfair" largely by the disparity in bargaining power between the hotel and the guest who had already traveled to that location with two children and its finding that Ms. Humphreys had no "objectively reasonable opportunity to consider and reject it." Id. at 1259-62.

Sun Trust Bank is distinguishable from the facts at hand as there is no such disparity in bargaining power here, and nothing in the pleadings suggests that Plaintiff was denied the opportunity to obtain, read, consider, negotiate, or reject the terms on the back of the purchase order. The text on the front page provided sufficient notice that additional terms existed on the other side of the document, and it falls upon the Plaintiff to be aware of all the terms of the contract before accepting it. Accordingly, this Court holds the forum selection clause to be part of the contract between the parties.

**B)     The Forum Selection Clause is Enforceable**

"Forum selection clauses in contracts are enforceable in federal courts." P & S Bus. Mach., Inc. v. Canon USA, Inc., 331 F.3d 804, 807 (2003) (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972)). In commercial contracts, parties "frequently stipulate in advance to submit their controversies for resolution within a particular jurisdiction." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 n.14 (1985)(citation omitted). "When such forum-selection provisions have been obtained through 'freely negotiated' agreements and are not 'unreasonable and unjust,' their enforcement does not offend due process." Id. (internal citation omitted). As Plaintiff failed to apprise itself of all conditions before accepting the contract, and as there is no argument that Plaintiff lacked sufficient opportunity to negotiate the contract, this Court holds the forum selection clause to be enforceable.

## IV. CONCLUSION

As this Court holds the forum selection clause to be a valid and enforceable part of the contract between the parties, the Defendant's Motion to Dismiss Plaintiff's Complaint for Improper Venue (DE # 3) is GRANTED. This case is hereby DISMISSED. The Clerk is instructed to CLOSE this case. All pending motions not otherwise decided are DISMISSED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 29th day of March, 2007

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record